*Marginalia:* JANUARY 1830. Spann v. Boyd. a 2 Chitt. Pl. page 104. b 1 Chitt. Pl. 643.

---

## OLIVER v. JUDGE.

In the record, there appeared a writ, and a verdict and judgment for the plaintiff; the clerk certified that at the trial, the reading of the declaration was waived, and that afterwards it could not be found; no declaration, plea nor issue appeared in the transcript; held that the judgment was erroneous.

THIS was a writ of error from the Circuit Court of the

JANUARY 1830.

Oliver
v.
Judge.

County of Butler, sued to this Court by A. Oliver, to reverse a judgment obtained against him by Mary H. Judge. In the record as certified by the clerk, there appeared a writ in case, in the name of Mary Judge, plaintiff, against Oliver, as defendant, indorsed to recover damages for the breach of a marriage promise, and for seduction. Then follows in the record a recital, that at March term, 1828, the parties came by their attorneys, and also a jury, who being duly elected, tried and sworn to try the issue joined, &c. found a verdict for the plaintiff for $541 damages, for which she had judgment. This comprises the whole record; no declaration or plea appearing. Annexed to the record, however, was a certificate by the clerk of the Court, under his hand and seal, and directed to the Judges of the Supreme Court, certifying that there was no declaration in his office, and had not been since the trial; that when the trial commenced, the plaintiff's attorney inquired of the attorney for the defendant, if he should read the declaration? the reply was, that it was not necessary; the plaintiff's counsel then laid it on the table, and proceeded with the trial; that at the conclusion of the trial, the jury asked to be furnished with the declaration, but it could not be found, and they were directed by the Court to proceed without it, which they did. He further certifies that he has made diligent search, and has never been able since to find it.

PARSONS & COOPER, of counsel for Oliver, the plaintiff in this Court, assigned for error, that the record contained no issue, no pleadings, no cause of action, and nothing on which to found a verdict and judgment.

GOLDTHWAITE, for the defendant in error.

By JUDGE COLLIER. The clerk, in his certificate, states the circumstances, and says that he was unable to find the declaration in the cause to furnish to the jury, and that after diligent search, he is still unable to find it. In this certificate, the clerk does not inform us whether there was an issue for the jury to try, or with certainty, whether there was a declaration.

This case does not render it necessary for us to decide whether a judgment should be reversed for the absence of a material part of the record, which was lost after judgment. If such a case was presented, we should hesitate

long before we would refuse effect to the certificate of the proper officer, giving that information. Here, the declaration, if there ever was one, (a fact which does not satisfactorily appear,) was lost before judgment, and could have been supplied on application to the Court, by leave to substitute another. Again; it does not appear that there was any issue for the jury. This irregularity, independent of the absence of a declaration, would be a sufficient cause to reverse.[a] The judgment is therefore reversed, and the cause remanded.